UNITED STATES COURT OF APPEALS
FOR THE TENTH CIRCUIT

## DOCKETING STATEMENT

| | |
|---|---|
| Appeal Number | 23-9608 |
| Case Name | Elizabeth Wright-Smith v. Federal Aviation Administration |
| Party or Parties Filing Notice of Appeal Or Petition | Elizabeth Wright-Smith |
| Appellee(s) or Respondent(s) | Federal Aviation Administration |
| List all prior or related appeals in this court with appropriate citation(s). | N/A |

## I.  JURISDICTION OVER APPEAL OR PETITION FOR REVIEW

### A.  APPEAL FROM DISTRICT COURT

**1.**  Date final judgment or order to be reviewed was **entered** on the district court docket: _____

**2.**  Date notice of appeal was **filed**:_____

**3.**  State the time limit for filing the notice of appeal (cite the specific provision of Fed. R. App. P. 4 or other statutory authority):_____

    **a.**  Was the United States or an officer or an agency of the United States a party below?_____

    **b.**  Was a motion filed for an extension of time to file the notice of appeal? If so, give the filing date of the motion, the date of any order disposing of the motion, and the deadline for filing the notice of appeal:_____

4.  Tolling Motions. *See* Fed. R. App. P. 4(a)(4)(A); 4(b)(3)(A).

    a.  Give the filing date of any motion that tolls the time to appeal pursuant to Fed. R. App. P. 4(a)(4)(A) or 4(b)(3)(A): _____

    b.  Has an order been entered by the district court disposing of any such motion, and, if so, when?

        _____

5.  Is the order or judgment final (i.e. does it dispose of **all** claims by and against **all** parties)? *See* 28 U.S.C. § 1291. _____

    **(If your answer to Question 5 is no, please answer the following questions in this section.)**

    a.  If not, did the district court direct entry of judgment in accordance with Fed. R. Civ. P. 54(b)? When was this done?

        _____

    b.  If the judgment or order is not a final disposition, is it appealable under 28 U.S.C.  1292(a)? _____

    c.  If none of the above applies, what is the **specific** legal authority for determining that the judgment or order is appealable? _____

        _____

6.  Cross Appeals.

    a.  If this is a cross appeal, what relief do you seek beyond preserving the judgment below? *See United Fire & Cas. Co. v. Boulder Plaza Residential, LLC*, 633 F.3d 951, 958 (10th Cir. 2011) (addressing jurisdictional validity of conditional cross appeals).

        _____

    b.  If you do not seek relief beyond an alternative basis for affirmance, what is the jurisdictional basis for your appeal? *See Breakthrough Mgt. Group, Inc. v. Chukchansi Gold Casino and Resort*, 629 F.3d 1173, 1196-98 and n.18 (10th Cir. 2010) (discussing protective or conditional cross appeals). _____

        _____

**B.**     **REVIEW OF AGENCY ORDER** (To be completed only in connection with petitions for review or applications for enforcement filed directly with the court of appeals.)

**1.**     Date of the order to be reviewed: <u>October 25, 2023</u>

**2.**     Date petition for review was filed:   <u>December 21, 2023</u>

**3.**     Specify the statute or other authority granting the Tenth Circuit Court of Appeals jurisdiction to review the order: <u>49 U.S.C. § 46110(a)</u>

**4.**     Specify the time limit for filing the petition (cite specific statutory section or other authority): <u>60 days (49 U.S.C. § 46110(a))</u>

**C.**     **APPEAL OF TAX COURT DECISION**

**1.**     Date of entry of decision appealed:_____

**2.**     Date notice of appeal was filed:_____
(If notice was filed by mail, attach proof of postmark.)

**3.**     State the time limit for filing notice of appeal (cite specific statutory section or other authority): _____

**4.**     Was a timely motion to vacate or revise a decision made under the Tax Court's Rules of Practice, and if so, when? *See* Fed. R. App. P. 13(a)_____

## II.    ADDITIONAL INFORMATION IN CRIMINAL APPEALS.

**A.**    Does this appeal involve review under 18 U.S.C. ☐ 3742(a) or (b) of the sentence imposed? _____

**B.**    If the answer to A (immediately above) is yes, does the defendant also challenge the judgment of conviction? _____

**C.**    Describe the sentence imposed. _____

_____

**D.**    Was the sentence imposed after a plea of guilty? _____

**E.**    If the answer to D (immediately above) is yes, did the plea agreement include a waiver of appeal and/or collateral challenges?_____

**F.**    Is the defendant on probation or at liberty pending appeal? _____

**G.**    If the defendant is incarcerated, what is the anticipated release date if the judgment of conviction is fully executed?_____

**NOTE**:    In the event expedited review is requested and a motion to that effect is filed, the defendant shall consider whether a transcript of any portion of the trial court proceedings is necessary for the appeal. Necessary transcripts must be ordered by completing and delivering the transcript order form to the Clerk of the district court with a copy filed in the court of appeals.

III.    **GIVE A BRIEF DESCRIPTION OF THE NATURE OF THE UNDERLYING CASE AND RESULT BELOW**.

Petitioner has been a designated pilot examiner for the Federal Aviation Administration ("FAA") for over ten years. Petitioner's designation authorized her to conduct, for compensation, examinations of hot air balloon pilots, and to issue certain certificates. 49 U.S.C. § 44702(a), (d); 14 C.F.R. § 183.23. On July 12, 2023, Petitioner's designation was suspended pending investigation of an anonymous complaint ("Complaint") to the FAA's Safety Hotline. Petitioner never received a copy of the Complaint, though eventually it was read to her. The Complaint falsely accused Petitioner of threatening a local balloon repair station owner not to fix the balloons of one Brittany Campbell. Petitioner denied this accusation, as did the owners of the only two local balloon repair stations. Nevertheless, Petitioner offered to undergo any training or counseling deemed appropriate by the FAA. The FAA did not ask Petitioner to undergo any training or counseling and never afforded Petitioner the opportunity to address the evidence against her, to the extent any evidence exists, resulting from the investigation of the Complaint.

On September 7, 2023, Petitioner was notified that her designation was terminated pursuant to 49 U.S.C. §44702(d). The notification states that the Complaint was "substantiated" and cites categories of grounds for termination (e.g., "lack of integrity") but no factual findings. Petitioner administratively appealed the termination decision, attaching affidavits from Petitioner and the repair station owners; letters from students, colleagues, and former FAA supervisors; and a supporting brief that, inter alia, requested a hearing or other meaningful opportunity to challenge any evidence against her. On October 25, 2023, the FAA's appeal panel notified Petitioner that it "was unable to find any justification to overturn the termination of your designation" and was therefore upholding "the original decision to terminate your designation." The unsigned letter further states that "this decision is final and exhausts all appeal rights associated with the termination of your designation."

IV.    **IDENTIFY TO THE BEST OF YOUR ABILITY AT THIS STAGE OF THE PROCEEDINGS, THE ISSUES TO BE RAISED IN THIS APPEAL. You must attempt to identify the issues even if you were not counsel below. *See* 10th Cir. R. 3.4(B).**

Petitioner, a resident of Albuquerque, New Mexico, is entitled to judicial review of the FAA's final decision terminating her designation as a pilot examiner. *See* 49 U.S.C. § 46110 (part A of Subtitle VII) ("[A] person disclosing a substantial issue in an order issued by … the Administrator of the [FAA] … in whole or in part under this part … may apply for review of the order by filing a petition for review in … the court of appeals of the United States for the circuit in which the person resides"); 49 U.S.C. § 47110(a), (d) (also Part A of subtitle VII) (authorizing the Administrator of the FAA to delegate or rescind the delegation of authority to a qualified person to conduct examinations and issue airman and other certificates); 14 C.F.R. §§ 183.12-183.15, 183.23 (governing the issuance and termination of pilot examiner designations); *see also*, *e.g.*, *Green v. Brantley*, 981 F.2d 514, 519 (11th Cir. 1993). Upon service of a petition for review on the FAA, this Court "has exclusive jurisdiction to affirm, amend, modify, or set aside any part of the order and may order the … Administrator of

the [FAA] to conduct further proceedings." § 46110(d). In reviewing the FAA's decision, the agency's "[f]indings of fact ..., *if supported by substantial evidence*, are conclusive." 49 U.S.C. § 46110(c) (emphasis added).

The Court should vacate the FAA's final decision terminating Petitioner's designation as a pilot examiner. Alternatively, the Court should order the FAA to conduct further proceedings—namely, to investigate the Complaint against Petitioner and render any determination regarding Petitioner's designation in compliance with FAA policy and the requirements of the Due Process Clause, U.S. Const. amend. V.

The FAA's termination of Petitioner's designation failed to comply with the FAA's own administrative orders.[1] *See, e.g.*, *Vitarelli v. Seaton*, 359 U.S. 535, 540 (1959) (an administrative agency must follow its own termination procedures); *Lopez v. Fed. Aviation Admin.*, 318 F.3d 242, 248 (D.C. Cir. 2003) (procedural protections required by FAA orders governing non-renewal of appointment of designated engineering representatives must be followed by the agency), *as amended* (Feb. 11, 2003). The underlying investigation of the anonymous, unwritten Complaint resulted in no documented factual findings, much less did the investigation have defined procedures or objectives, as required by FAA order. *See* Order 8000.95B, Ch. 6, § 2(c)(1), (2). Furthermore, Petitioner's termination notice of 9/7/2023 included certain sample "reasons" for termination, but not the specific factual reason(s) for Petitioner's termination. Order 8000.95B, Ch. 9, § 4(a)(1), (b)(1), (c)(1) (the specific reason(s) for termination of a pilot examiner's designated should be determined and documented in the Designee Management System ("DMS")); *Mazaleski v. Treusdell*, 562 F.2d 701, 719 (D.C. Cir. 1977) (the Public Health Service's "failure to inform [petitioner] of the specific grounds of the termination decision … cannot be excused as a de minimis or harmless violation of its own regulations"). The failure to disclose the specific factual reasons for Petitioner's termination or virtually any information about the investigation of the Complaint also rendered Petitioner unable to address the purported evidence against her during the investigation or in her administrative appeal. *Mazaleski*, 562 F.2d at 719 ("Appellant could not be expected to prosecute his appeal effectively without knowledge of the precise grounds [for termination] specified by the Service."). Nor does the FAA appeals panel's decision give any indication that it "review[]ed the facts and circumstances surrounding the termination for cause decision," including all documentation; determined that a "thorough investigation" was performed; or determined that the designee was given the opportunity to respond to the investigation, as required by FAA order. Order 8000.95C, Ch. 9, §4(f). The documentation associated with the panel's review was also not included in Petitioner's DMS file. *Id.*

Furthermore, even if Petitioner's termination could be read to include "findings" in support of her

---

[1] The FAA, by Order of the Administrator, has imposed requirements for the selection and termination of designated pilot examiners, *see* FAA Order 8000.95B, "Designee Management Policy" (4/12/2022), available at https://www.faa.gov/documentLibrary/media/Order/Order_8000.95B.pdf; FAA Order 8000.85C, "Designee Management Policy" (9/21/2023), available at https://www.faa.gov/documentLibrary/media/Order/FAA_Order_8000.95C_Revised.pdf. Order 8000.95C became effective on 9/21/2023, the day after Petitioner submitted her administrative appeal, and well before resolution of her appeal on 10/25/2023. Because prior Order 8000.85B was in force during the purported investigation and initial termination decision by the appointing official, Petitioner references those requirements with respect to the initial termination decision. With respect to the appeal panel's decision to uphold the termination, Petitioner also cites the requirements of Order 8000.95C.

termination, such findings are not supported by substantial evidence, because the only competent evidence (Petitioner's affidavit and the affidavits of local repair station owners) contradicts the allegations of the anonymous Complaint. 49 U.S.C. § 46110(c); *Action, Inc. v. Donovan*, 789 F.2d 1453, 1457 (10th Cir. 1986) (an agency's decision will not be upheld where it "failed to consider all relevant factors and articulate a rational connection between the facts found and the choice made"); *City of Pompano Beach v. FAA*, 774 F.2d 1529, 1540 (11th Cir. 1985) (substantial evidence is "relevant evidence [that] a reasonable mind might accept as adequate to support a conclusion.") (internal quotation omitted).

By failing to provide Petitioner with adequate notice of the Complaint against her, notice of the factual findings underlying her termination, or a meaningful opportunity to be heard, the FAA also deprived Petitioner of basic due process, in violation of the Fifth Amendment to the United States Constitution and the Administrative Procedures Act ("APA"). Such protections are required even though the reason for termination is committed to the FAA's discretion. 49 U.S.C. §44702(d)(2); *E. Oakland-Fruitvale Plan. Council v. Rumsfeld*, 471 F.2d 524, 533 (9th Cir. 1972) ("If a statute or regulation establishes a rule governing the conduct of the agency with respect to an aspect of the agency action, a court may determine whether the agency has complied with that rule, although the court still may not review other aspects of the agency action as to which there are no reasonably fixed rules to apply."); *Webster v. Doe*, 486 U.S. 592, 603 (1988) (even where termination decisions are committed to agency discretion by law, the courts may consider "a constitutional claim based on an individual discharge"); *White v. Franklin*, 637 F.Supp. 601, 609-611 (N.D. Miss. 1986) (pilot examiner had liberty and property interest in his designation, under the Fifth Amendment, entitling him to due process protections in the revocation of his designation); *id.* (under the APA, 5 U.S.C. §§551-559, a pilot examiner's "certificate of authority" constitutes a "license," since it is a form of permission, entitling the plaintiff to a due process hearing prior to the termination of his designation); 5 U.S.C. §558(c) (before agency action to revoke or terminate a license or permission, there should be "(1) notice by the agency in writing of the facts or conduct which may warrant the action; and (2) opportunity to demonstrate or achieve compliance with all lawful requirements.").

## ATTORNEY FILING DOCKETING STATEMENT:

Name: Sarah L. Shore   Telephone: (505) 884-0777 Firm: Butt Thornton & Baehr,

PC  Email Address: sshore@btblaw.com     Address:  4101  Indian  School  Rd.

NE, Suite 300, Albuquerque, NM 87110

| | |
|---|---|
| */s/ Sarah L. Shore* | 1/4/2024 |
| Signature | Date |

## CERTIFICATE OF SERVICE

I, <u>Sarah L. Shore</u>, hereby certify that on

<u>January 4, 2024</u>, I served a copy of the foregoing **Docketing Statement**, to:

<u>The FAA</u>, at

<u>The Office of the Chief Counsel of the FAA</u>

800 Independence Avenue SW, Washington, DC 20591,


the last known address/email address, by

<u>FedEx Shipping Service</u>

BUTT THORNTON & BAEHR PC

<u>/s/ *Sarah Shore*</u>
Sarah L. Shore
*Attorneys for Elizabeth Wright-Smith*
P.O. Box 3170
Albuquerque, NM  87190
(505) 884-0777
sshore@btblaw.com